IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NATIONAL LABOR RELATIONS BOARD,

    Applicant,

    v.

INTERBAKE FOODS, llc

    Respondent.

Civil Action No.: RDB-09-2081

## MEMORANDUM ORDER

Applicant National Labor Relations Board ("NLRB") filed an unfair labor practice charge under the National Labor Relations Act, § 8(a) (1), (3), & (4), 29 U.S.C. § 161(1) against Respondent Interbake Foods, LLC ("Interbake") in 2008. In connection with an administrative hearing before an Administrative Law Judge ("ALJ"), the NLRB requested that the ALJ conduct *in camera* inspection of certain documents that Interbake contended were protected by the attorney-client privilege and attorney work product doctrine. The ALJ agreed, and ordered Interbake to produce the documents. Interbake refused to produce the documents, and the NLRB filed an application in this Court for enforcement of its subpoena (ECF No. 1). This Court conducted a hearing on the NLRB's application on August 21, 2009 and on September 22, 2009, issued an opinion denying the NLRB's application. In particular, this Court concluded that *in camera* inspection of the documents in question was unnecessary insofar as Interbake had met its prima facie burden of establishing that the documents were privileged in its privilege log. *See* Mem. Op., ECF No. 12.

1

The NLRB appealed that decision to the United States Court of Appeals for the Fourth Circuit. The Court of Appeals generally agreed with this Court that the NLRB had not offered a good faith basis for challenging the privilege designation of the documents in question. *See NLRB v. Interbake Foods, LLC*, 637 F.3d 492 (4th Cir. 2011). However, as one of the documents in question contained an e-mail string consisting of four separate e-mail messages, the Fourth Circuit remanded so as to allow this Court to "assess the privilege claim with respect to each e-mail in the string to determine whether Interbake has carried its burden." *Id.* at 503.

Thereafter, Interbake submitted a supplemental privilege log that analyzes each individual e-mail in the string. *See* ECF No. 22. Subsequently, the NLRB sought a rehearing *en banc*, which was denied by the Fourth Circuit on April 22, 2011. *See* ECF No. 27. Accordingly, the only issue before this Court, is whether Interbake's supplemental privilege log is sufficient to show that the individual e-mails are prima facie protected by the attorney-client and work product privileges, or whether *in camera* inspection of the actual documents is "necessary." *See Interbake Foods*, 637 F.3d at 503. The issue has been fully briefed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2011). Having assessed the privilege claim with respect to the e-mail string, this Court concludes that Interbake has met its burden, and that the NLRB has failed to articulate a good faith basis for doubting Interbake's asserted privileges. Accordingly, *in camera* inspection is not necessary, and the NLRB's application is DENIED.

# STANDARD OF REVIEW

As noted by the Fourth Circuit in this case:

> A party asserting privilege has the burden of demonstrating its applicability. *See United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir.1982) (per curiam). In claiming the attorney-client privilege, a party must satisfy procedural and substantive criteria. Procedurally, the party must "expressly make the claim" and "describe the nature of the documents . . . in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed.R.Civ.P. 26(a)(5)(A). Substantively, a party must show that:
>
>> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or is his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.
>
> *Jones*, 696 F.2d at 1072 (quoting *United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358–59 (D.Mass.1950)). And in claiming the work-product privilege, the party must demonstrate that the documents in question were created "in preparation for litigation." *In re Grand Jury Proceedings*, 33 F.3d 342, 348 (4th Cir.1994) (citing *Hickman v. Taylor*, 329 U.S. 495, 509–14, 67 S. Ct. 385, 91 L. Ed. 451 (1947)). When a party relies on a privilege log to assert these privileges, the log must "as to each document . . . set[ ] forth specific facts that, if credited, would suffice to establish each element of the privilege or immunity that is claimed." *Bowne, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y.1993).

*Interbake Foods*, 637 F.3d at 501-02.

Once a party makes this prima facie showing of privilege, the opposing party may justify *in camera* review of the underlying documents only if it can advance "a factual basis sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal

3

evidence that information in the materials is not privileged." *Id.* (quoting *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992); *see also United States v. Zolin*, 491 U.S. 554, 574-75 (1989) ("before a district court may engage in *in camera* review at the request of the party opposing the privilege, that party must present evidence sufficient to support a reasonable belief that *in camera* review may yield evidence that establishes the exception's applicability").

## ANALYSIS

As a preliminary matter, in its previous review of this case, the Fourth Circuit concluded that the original privilege log submitted by Interbake "show[ed] that the communications concerned an investigation closely linked to the ongoing NLRB adjudication," and that Interbake had succeeded in making a prima facie showing that the documents (Bates Nos. IBF100113 and IBF100427) were in fact privileged. *Interbake Foods*, 637 F.3d at 502. The only issue before this Court on remand is whether the individual e-mails in the string are protected by a claim of privilege. *Id.* at 503 ("Because Interbake has not presented a document-by-document privilege analysis of the reply e-mails or offered a specific reason why the e-mail string should be treated as a group, we conclude that the district court must assess the privilege claim with respect to each e-mail in the string to determine whether Interbake has carried its burden.") (internal citations omitted).

Here, Interbake does not argue that the e-mail string should be treated as single document, but has filed a supplemental privilege log that provides a document by document privilege analysis for each individual e-mail in the string. *See* ECF No. 22. Specifically, the supplemental privilege log complies with Federal Rule of Civil Procedure 26(a)(5)(A) insofar

4

as the log describes the date and time of each e-mail, the author(s), the recipient(s), the privileges asserted, and contains an explanation of each individual e-mail that allows this Court to assess the claim of privilege.

After reviewing Interbake's supplemental privilege log, it is clear that it has made a prima facie showing that each e-mail in the "string" is protected by the attorney-client and work product privilege. There are four e-mails and four recipients in the entire string. First, an e-mail from Interbake's human resources manager to outside counsel requesting legal advice was sent on Friday, February 6, 2009. *See* ECF No. 22 at 4. Second, a reply from Interbake's vice president of human resources was sent within minutes of the original e-mail and contained trial impressions. *Id.* Third, a reply from outside counsel provides legal advice and was sent on Friday afternoon on February 6. *Id.* Finally, Interbake's human resources manager replied to outside counsel and responded to the legal advice on Monday morning February 9, 2009. *Id.* at 4-5. The information provided by Interbake is sufficient under *Jones* to establish that all four e-mails are covered by the attorney-client privilege or work product doctrine as a dialogue relating to ongoing litigation between Interbake and the NLRB and possible future litigation. *See Jones*, 696 F.2d at 1072.

Although this Court probably need go no further, as the Fourth Circuit already affirmed this Court's conclusion that the National Labor Relations Board lacked a good faith basis for challenging Interbake's privilege assertions, *see Interbake Foods*, 637 F.3d at 502, some of the NLRB's arguments will be briefly addressed in order to determine whether *in camera* inspection of the individual e-mails in the string is necessary.

5

First, the NLRB argues that Interbake's description of the documents is inconsistent insofar as the original privilege log listed the date of the entire e-mail string as February 9, but the individual e-mails in the string indicate that the date of the first e-mail was actually February 6, 2009. The NLRB's protests that Interbake's descriptions of the documents are "shifting," "inconsistent," "remarkable," and "confounding." *See* NLRB Opp'n at 3, ECF No. 31. However, the only inconsistencies in Interbake's privilege logs is reflected in the level of detail expressly encouraged by the Fourth Circuit in its conclusion that "the district court must assess the privilege claim with respect to each e-mail in the string to determine whether Interbake has carried its burden." *See Interbake Foods*, 637 F.3d at 503. Instead of grouping all four e-mails in the string into a single description, Interbake has listed each entry separately in order to present a "document by document privilege analysis." *Id.* Accordingly, this Court does not find Interbake's descriptions of the individual e-mails in the string to be inconsistent with its previous descriptions of the string in general. Any perceived inconsistency on the part of the NLRB is an insufficient basis on which to support a good faith belief that *in camera* inspection will reveal evidence that the documents are not in fact privileged. *See United States v. Zolin*, 491 U.S. 554, 574-75.

Second, the NLRB makes the same argument that this Court and the Fourth Circuit previously rejected. Specifically, the NLRB again argues that an inconsistency in the testimony of Interbake's human resource manager (Jill Slaughter) regarding her recollection of when the investigation regarding an Interbake employee (Missy Jones) began somehow casts doubt on the privileged nature of the documents in question. As the Fourth Circuit concluded, however, "[t]he fact that Slaughter may have testified incorrectly regarding the

dates of her communications (intentionally or otherwise) does not compel an inference that her February 9 e-mails were not privileged." *Interbake Foods*, 637 F.3d at 502. Put simply, the fact that Ms. Slaughter may have incorrectly remembered when her company began seeking legal advice in connection with an investigation is completely irrelevant in considering whether Ms. Slaughter's communications with counsel were privileged. On this point, the NLRB only argues that "[w]ithout any record or other evidence that Slaughter sought legal advice prior to February 13, and without examining the emails themselves, *it is equally plausible, if not more likely*, that any email she sent on February 6 sought factual information" that is not protected by the attorney-client privilege. NLRB Opp'n at 7, ECF No. 31 (emphasis added). However, as previously mentioned, the NLRB must present more than "plausible" suppositions—it must advance "a *factual basis* sufficient to support a reasonable, good faith belief that *in camera* inspection may reveal evidence that information in the materials is not privileged." *Id.* at 501-02 (citations omitted) (emphasis added). Because the NLRB has advanced no facts sufficient to cast doubt on Interbake's assertions of privilege, *in camera* inspection of the documents is not "necessary." *Id.* at 503. Accordingly, the NLRB's application for enforcement of its subpoena and for *in camera* inspection of the documents is DENIED.

## CONCLUSION

For the reasons stated above, it is this 21st day of December 2011, ORDERED that:

1. The National Labor Relations Board's Application for Order Requiring Compliance with Administrative Subpoena Duces Tecum (ECF No. 1) is DENIED;

2. The Clerk of the Court transmit this Memorandum Order to counsel; and

3. This Case REMAIN CLOSED.

/s/ *Richard D. Bennett*

Richard D. Bennett
United States District Judge